**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.:**

VENKY GOPALASWAMY, an Individual,

vs.

LYNNE MARLEY BAKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LYNN E. BAKER; and ADVISORS EQUITY LLC., a Delaware Limited Liability Company.
_______________________________________/

**COMPLAINT**

Venky Gopalaswamy, ("Plaintiff") by and through the below signed attorney hereby files this Complaint, and in support thereof, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damages that exceeds $50,000.00 exclusive of interest, fees and costs.

2. Plaintiff is an individual and resides in Broward County, Florida.

3. Advisors Equity LLC ("Advisors Equity"), is a limited liability company that was organized under the laws of Delaware, with its principal place of business located at 5965 Ashford Lane, Naples, Florida 34110. Advisors Equity operates as a private equity firm specializing in Pre-IPO investment strategies.

4. Lynn Edward Baker, ("Edward"), died on March 26, 2022. Prior to his death, Edward was the Executive Officer of Advisors Equity, and through this position Edward solicited and accepted investments in Pre-IPO stock from accredited investors. At all times relevant, Edward lived and worked in Naples, Collier County, Florida.

5. Lynne Marley Baker was appointed as the personal representative (the "Personal Representative") of the Estate of Lynn Edward Baker (the "Estate").

6. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a); and Sections 21(d), 21(e), and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.

7. This Court has personal jurisdiction over the Defendants and venue is proper in the Middle District of Florida because many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in the Middle District of Florida.

## GENERAL FACTS

8. In July 2020, Plaintiff received a solicitation to invest in Pre-IPO opportunities offered through a fund, "Advisors Equity, LLC." This solicitation included Pre-IPO Stock in companies such as Impossible Foods Inc. ("Impossible Foods") and in the pharmaceutical industry.

9. IAMC, LLC ("IAMC"), is a limited liability company that was organized under the laws of Minnesota. IAMC is the managing member of Advisors Equity.

10. On July 20, 2020, Plaintiff wired $100,000.00 from his bank account to the account provided by Advisors Equity to invest this money in Impossible Foods through Advisors Equity as directed by a correspondence from Edward.

11. On July 21, 2020, Plaintiff and Advisors Equity entered into a Subscription Agreement memorializing Plaintiff's purchase of a total of $100,000.00 Class A Interests at a price equal to $10,000 per Class A Interest.

12. In connection with the Subscription Agreement, Plaintiff and Advisors Equity entered into an Operating Agreement pursuant to which IAMC was to manage the investments made by Advisors Equity in connection with the Impossible Foods investment.

13. On September 28, 2020, Edward sent an email to Plaintiff providing an update as to Advisors Equity's progress and the retail pricing of "IMPOSSIBLE" stock vs its institutional pricing.

14. On October 20, 2020, Edward sent another update informing the investors of a further investment made in Impossible Foods through Advisors Equity.

15. On October 20, 2020, in response to Edward's update, Plaintiff made an additional transfer of $25,000.00 to Advisors Equity based upon the updates and offers communicated by Edward, including a 15% discount in pricing of the stock and an opportunity created by a delay in the closing.

16. On December 4, 2020, Edward sent an email an email with the subject line "Update and Confirmation" where he informed his fund investors on the purchase of Series E, 8% of Preferred Shares of Impossible Foods and the Confirmation of Class A Advisor Equity Fund Unit holders.

17. On March 24, 2021, Edward sent Plaintiff an email that provided updates and information as to his investment, including, but not limited to, a Capital Account and Cap Table showing that Plaintiff owned 4.08% of Advisors Equity's investment in Impossible Foods.

18. On June 3, 2021, Edward sent Plaintiff an email regarding an offering with a new technology company.

19. On June 5, 2021, Edward sent Plaintiff an email which included additional investment information pertaining to Nano-C, Inc ("Nano-C").

20. On June 7, 2021, Plaintiff communicated his agreement to be included in the investment opportunity with Nano-C and then wired $50,000.00 to Advisors Equity on June 9, 2021.

21. On or about June 9, 2021, Plaintiff and Advisors Equity entered into a Subscription Agreement memorializing Plaintiff's purchase of a total of $50,000.00 Series C Fund – Class A Common Member Interests to acquire Series B Convertible Preferred Stock of Nano-C.

22. In connection with the Subscription Agreement, Plaintiff and Advisors Equity entered into an Operating Agreement pursuant to which IAMC was to manage the investments made by Advisors Equity in connection with the Nano-C investment.

23. On June 14, 2021, Edward sent Plaintiff an email with the Series C Fund Executive Summary attached with respect to Plaintiff's investment in Nano-C.

24. On December 24, 2021, Plaintiff received the last email communication from Edward and it contained information regarding the reports that he was to expect to receive for the end of the year regarding his investments.

25. At no point in time after December 24, 2021, did Plaintiff receive any additional information or necessary reports concerning the $175,000.00 he had invested in Advisors Equity through Edward, nor has he received any financial benefit or recoupment of the funds he invested in Impossible Foods and Nano-C.

26. On March 26, 2022, Edward passed away.

27. On June 12, 2022, Plaintiff received an email informing him of Edward's death and efforts being made to communicate with the estate regarding the investments in Advisors Equity, including Plaintiff's investments in Impossible Foods and Nano-C.

28. On December 17, 2022, Plaintiff initiated the first contact with counsel for the Personal Representative of the Estate, Brian McNamara, Esq., via email. This email requested that Mr. Naif Hajjar be appointed as manager of Advisors Equity.

29. On December 18, 2022, Brian McNamara, Esq. responded to Plaintiff's request by stating that Mr. Naif Hajjar would not be appointed as the manager of Advisors Equity, and directed Plaintiff to file his claim against the Estate.

30. Based upon information and belief, many other investors sought the appointment of Mr. Naif Hajjar as the manager of Advisors Equity as he had been nominated by Edward prior to his death.

31. On October 25, 2022, the Estate filed the probate action in the Circuit Court for Collier County, Florida, identified as Case File No. 22-CP-3062 (the "Probate Case").

32. On January 19, 2023, Plaintiff filed his Statement of Claim, asserting his claim against the Estate for the amounts paid to Advisors Equity for the $125,000.00 investment in Series A Fund for Impossible Foods and the $50,000.00 investment in Stock Series C Fund in Nano-C (the "Statement of Claim").

33. On April 21, 2023, the Estate filed its objection to the Statement of Claim.

34. On May 8, 2023, an "Agreement to Suspend Time for Filing Independent Action" was filed in the probate action. This agreement was executed by the parties and provided for an indefinite extension in which Venky was able to file an Independent Action pursuant to F.S. 733.705(5).

35. On October 13, 2023, Plaintiff filed his Notice of Filing Independent Action.

36. As a result of the actions of Edward and the Estate, Plaintiff needed to hire undersigned counsel and law firm, and is obligated to pay its attorneys a reasonable fee for their services.

37. Any and all conditions precedent to this suit have been satisfied or waived.

**COUNT I – VIOLATIONS OF SECTION 17(a)(2) OF THE SECURITIES ACT**

**(Against the Personal Representative on behalf of Edward)**

38. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Edward, in the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently obtained money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

40. Edward failed to invest Plaintiff's $50,000.00 in Nano-C.

41. The Personal Representative has failed to provide information as to the status of Plaintiff's $125,000.00 investment in Impossible Foods.

**COUNT II – VIOLATIONS OF SECTION 17(a)(3) OF THE SECURITIES ACT DUTY**

**(Against the Personal Representative on behalf of Edward)**

42. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

43. Edward, in the offer or sale of securities by use of the means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

indirectly, negligently engaged in transactions, practices and courses of business which have operated, are now operating or will operate as a fraud or deceit upon the purchasers.

44. Edward and the Personal Representative have failed to maintain ledger accounts (or other records) itemizing separately as to each cash, margin, or security-based swap account of every customer and of such member, broker or dealer and partners thereof, all purchases, sales, receipts and deliveries of securities (including security-based swaps) and commodities for such account, and all other debits and credits to such account; and, in addition, for a security-based swap, the type of security-based swap, the reference security, index, or obligor, the date and time of execution, the effective date, the scheduled termination date, the notional amount(s) and the currenc(ies) in which the notional amount(s) is expressed, the unique transaction identifier, and the counterparty's unique identification code

**COUNT III**

**VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5(a)**

**(Against the Personal Representative on behalf of Edward)**

45. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

46. Edward, directly or indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails, knowingly or recklessly employed devices, schemes or artifices to defraud in connection with the purchase or sale of securities.

47. Edward failed to invest Plaintiff's $50,000.00 in Nano-C.

48. The Personal Representative has failed to provide information as to the status of Plaintiff's $125,000.00 investment in Impossible Foods.

**COUNT IV**

**VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5(b)**

**(Against the Personal Representative on behalf of Edward)**

49. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

50. Edward, directly or indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the purchase or sale of securities, knowingly or recklessly made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

51. Edward failed to invest Plaintiff's $50,000.00 in Nano-C.

52. The Personal Representative has failed to provide information as to the status of Plaintiff's $125,000.00 investment in Impossible Foods.

**COUNT V**

**VIOLATIONS OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5(c)**

**(Against the Personal Representative on behalf of Edward)**

53. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

54. Edward, directly or indirectly, by use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the purchase or sale of securities, knowingly or recklessly engaged in acts, practices and courses of business which have operated, are now operating, and will operate as a fraud upon the purchasers of such securities.

55. Edward failed to invest Plaintiff's $50,000.00 in Nano-C.

56. The Personal Representative has failed to provide information as to the status of Plaintiff's $125,000.00 investment in Impossible Foods.

**COUNT VI – BREACH OF CONTRACT**

**(Against Advisors Equity)**

57. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

58. The Operating Agreements for the investments in Impossible Foods and Nano-C constitute valid and binding contracts between Plaintiff and Advisors Equity.

59. Advisors Equity breached the Operating Agreements by, *inter alia*, failing to investment Plaintiff's funds in Nano-C and failing to provide Plaintiff annual reporting as to the status of the investments as required by the Operating Agreement.

60. Plaintiff has been damaged by Advisors Equity's breach of the Operating Agreements.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor and against the Personal Representative of the Estate for damages, along with an award of attorneys' fees, costs and expenses, pre-judgment interest, post-judgment interest, and any other relief that this Court deems proper or just.

Dated: November 13, 2023

LUBLINER LAW PLLC
1645 Palm Beach Lakes Boulevard, Suite 1200
West Palm Beach, Florida 33414
Telephone: (561) 207-2018
Facsimile: (561) 584-7227
rich@lubliner-law.com
carolina@lubliner-law.com
BY: */s/ Nathan A. Kelvy*
NATHAN A, KELVY, ESQ.
FBN: 0096815